IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALBERT JAMES HADNOT** | : CIVIL ACTION |
| | : |
| v. | : NO. 23-4659 |
| | : |
| **JOSEPH WELZ** | : |

## MEMORANDUM

**KEARNEY, J.**                                                                                                    **February 26, 2024**

    Incarcerated Texan Albert James Hadnot knows Pennsylvanian Joseph Welz based on some form of long-ago contractual relationship regarding the publication and distribution of songs. Mr. Hadnot wrote to Mr. Welz almost twenty years ago asking for royalties from his songs. Mr. Welz or his spouse responded several times and repeatedly sent him the money earned on royalties. Mr. Hadnot then filed suit (from his prison facility in Texas) last Spring in the Middle District of Pennsylvania where neither he nor Mr. Welz are located. Mr. Welz and his spouse wrote back to him with defenses and wrote to the Clerk of Court with defenses. Mr. Welz and his spouse repeatedly told Mr. Hadnot and the Clerk of Court of Mr. Welz's defenses and his chronic illness. They offered several defenses including having paid royalties in full and turning over all rights to Mr. Hadnot. But Mr. Welz did not hire a lawyer and did not file an Answer under the Rules of Civil Procedure. So the incarcerated Mr. Hadnot swore to the Clerk of Court of no defense. The Clerk of Court in the Middle District entered default. A judge there later transferred the case here because her court lacked proper venue. Mr. Hadnot now seeks damages on this entry of default without offering a basis for damages. We reviewed the filings. Mr. Welz did not file an Answer. But he placed Mr. Hadnot and the Court on notice of his defenses. We have no basis to consider damages. We strike default as improvidently granted based on misrepresenting the lack of a defense in a court admittedly lacking proper venue over Mr. Welz.

I.      **Pleaded pro se facts and from the public record.**

Albert James Hadnot signed a recording and publishing contract with Joseph Welz on October 18, 2002 confirming a 50/50 spilt on songwriting and publishing royalties and a royalty statement to Mr. Hadnot every ninety days.[1] Mr. Welz sent Mr. Hadnot two more recording and publishing contracts in 2004 confirming Mr. Hadnot would receive full copyright and publishing rights in three years.[2]

Problems arose in 2005. Mr. Hadnot claims someone removed his name from his song "Feelin Kinda Freaky" believing Mr. Welz changed the song title to "Feeling Kinda Funky."[3] Mr. Welz told Mr. Hadnot his song "Mama Has Gone Away" did not get published.[4] Mr. Hadnot claims "Mama Has Gone Away" appeared on Mr. Welz's album *Bring Back the Old Feeling*.[5] The State of Texas currently holds the incarcerated Albert James Hadnot in custody.[6]

### *Mr. Welz and his wife address Mr. Hadnot's claims.*

Ten years passed. In 2015, Mr. Welz gave Mr. Hadnot his songs back with 100% copyright and publishing rights. Mr. Welz wrote to Mr. Hadnot on August 8, 2021 disclosing his brain tumor and upcoming surgery and expressed gratitude for the three songs they worked on together; "Feelin Kinda Freaky," "Prisoner's Letter," and "Mama Has Gone Away."[7] Mr. Welz attached a check for $35, the amount Mr. Welz contends he earned in royalties for the songs, and said "I'm 100% honest and would [n]ever cheat or steal from you."[8]

Mr. Welz told Mr. Hadnot on September 10, 2021 he never received royalties from the two songs "Feelin Kinda Freaky" and "Prisoner's Letter."[9] Mr. Welz explained he tried his best to market the two songs. Mr. Welz released Mr. Hadnot from his publishing contract and returned the two songs to Mr. Hadnot.[10]

Mr. Welz wrote to Broadcast Music Inc. on October 10, 2021 and asked it to cancel the publishing of the songs "Feelin Kinda Freaky," "Prisoner's Letter," and "Mama Has Gone Away."[11] Mr. Welz asked Broadcast Music Inc.to send the publishing release to Mr. Hadnot.[12] Mr. Welz wrote to Mr. Hadnot, enclosed $35 and a copy of the release, and told Mr. Hadnot of his upcoming hospitalization for brain surgery.[13]

Nine months later, Mr. Welz's wife Fran Fisher told Mr. Hadnot she sent him another $35 dollar check because the first check had not been cashed.[14] Ms. Fisher told Mr. Hadnot her husband retired and never published the song "Mama Has Gone Away."[15] Ms. Fisher told Mr. Hadnot he (Mr. Hadnot) owns the full rights to the other two songs.[16] Ms. Fisher ended the letter by asking Mr. Hadnot to stop writing to Mr. Welz because he is sick and retired.[17]

Mr. Hadnot downloaded his songs on a tablet in his correctional facility and noticed a song "The Memory is You" on Mr. Welz's 2018 album *20 Greatest 21st Century Love Songs*.[18] Mr. Hadnot claims "The Memory of You" is a retitle of his song "A Prisoner's Letter."[19] Mr. Hadnot claims Mr. Welz stole his song "A Prisoner's Letter" and released it without his consent.[20]

### *Mr. Hadnot demands payment threatening litigation.*

Mr. Hadnot asked Mr. Welz on April 4, 2023 to settle their dispute over the ownership and royalties of the songs or Mr. Hadnot would file a complaint.[21] Mr. Hadnot demanded $10,000 from Mr. Welz and demanded his songs to be copyrighted in his name;[22] a Master CD be made and sent to Mr. Hadnot; songs to be registered under Mr. Hadnot's name in the American Society of Composers, Authors and Publishers; songs put on MP3.com for sale; his songs taken off Mr. Welz's albums; and a confirmation from Mr. Welz all of Mr. Hadnot's songs

will be removed from Mr. Welz's albums *Hip Hop in the Rock/Rock Around the Clock, Hip Hop Love, Bring Back That Old Feelin, The 20 Greatest 21st Century Love Songs*.[23]

Ms. Fisher responded to Mr. Hadnot, telling him and his brother Bruce Hadnot on April 11, 2023 it is unnecessary to keep writing to Mr. Welz because Mr. Hadnot already owned all the songs.[24] Ms. Fisher enclosed a $35 dollar check for the third time.[25]

### *Mr. Hadnot sued Mr. Welz for song royalties.*

Mr. Hadnot pro se sued Mr. Welz in the United States District Court for the Middle District of Pennsylvania on May 15, 2023.[26] Mr. Hadnot alleged Mr. Welz never paid him royalties in twenty-one years. Mr. Hadnot sought $150,000 (statutory and willful copyright infringement damages), permanent injunctive relief to stop Mr. Welz from reproducing his music ("to cease infringement of his musical composition in the future without a mechanical license, and or paying mechanical royalties."), and attorney's fees.

On June 18, 2023, Mr. Welz pro se responded to the complaint in a one-page document explaining he helped Mr. Hadnot write a total of four songs, Mr. Welz received only $35 from the airplay on the radio of the songs, Mr. Welz three times paid Mr. Hadnot $35, and Mr. Hadnot owns all four songs.[27] Judge Schwab considered Mr. Welz's response but found it did not satisfy his obligation to answer the complaint and ordered Mr. Welz to file a responsive pleading by August 14, 2023.[28]

Mr. Welz did not answer by August 14, 2023. Judge Schwab again ordered Mr. Welz to answer the complaint, extending the time to answer until September 27, 2023 and advising Mr. Welz "this is his final opportunity to respond to the complaint. If he fails to do so, he risks [Mr. Hadnot] moving for default pursuant to Fed. R. Civ. P. 55."[29]

4

*Mr. Hadnot moved for the entry of default judgment and default is entered by the Clerk of the Court.*

Mr. Welz did not answer the complaint by September 27, 2023 as ordered by Judge Schwab. Mr. Hadnot moved for default judgment on October 18, 2023.[30] He declared Mr. Welz failed to file a responsive pleading or answer.[31] The Clerk entered default against Mr. Welz on October 18, 2023.[32]

On October 31, 2023, Ms. Fisher wrote to the Clerk on behalf of her husband Mr. Welz attempting to provide "information" about the parties' dispute.[33] Judge Schwab concluded the October 31, 2023 filing did not satisfy Mr. Welz's obligation to answer the complaint, is untimely, failed to comply with Federal Rule of Civil Procedure 8(b), and improperly signed by Ms. Fisher—not a party in the matter.[34] Judge Schwab ordered Mr. Welz to refile the submission signed by either himself or his attorney by December 1, 2023 and, if he failed to do so, the October 31, 2023 letter would be stricken from the record, and even if refiled with his signature, the letter is not a proper answer to the complaint.[35]

*Judge Schwab transfers Mr. Hadnot's case here and Mr. Hadnot moves for damages.*

Judge Schwab transferred the matter here finding no proper venue for the case before her.[36] We ordered Mr. Hadnot to file a detailed Motion for specific damages by January 5, 2024 and granted Mr. Welz leave to respond to Mr. Hadnot's Motion for specific damages by January 26, 2024.[37] We later amended our Order to allow Mr. Hadnot to confirm service of his Motion and to extend the time for Mr. Welz to respond to Mr. Hadnot's Motion for damages to February 16, 2024.[38]

Mr. Hadnot moved for specific damages.[39] Mr. Hadnot seeks $150,000 in statutory and willful copyright infringement damages, permanent injunctive relief to stop Mr. Welz from

5

reproducing his music, and attorney's fees.[40] Mr. Hadnot offers no basis for his damages. Mr. Welz did not respond to Mr. Hadnot's Motion for specific damages.

## II. Analysis

We are now faced with Mr. Hadnot's Motion for specific damages. Mr. Hadnot offers no basis for specific damages. We are also aware Mr. Welz has several defenses including he already turned over the rights to the disputed songs several years ago. Mr. Hadnot may only proceed on a damages hearing after showing a default judgment. We vacate the default judgment.

Our Court of Appeals generally disfavors default judgment, preferring cases to be decided on the merits.[41] Entry of "default judgment is not a matter of right that flows automatically from a defendant's failure to respond to the complaint, but rather a matter of the court's discretion."[42] Our Court of Appeals disfavors default entries. A default is a drastic sanction.[43]

The Supreme Court affords us broad discretion under Rule 55(c) of the Federal Rules of Civil Procedure to set aside an entry of default for good cause. Our Court of Appeals instructs us to consider four factors under Rule 55(c) before setting aside a default judgment: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a prima facie meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions."[44]

Each factor weighs in favor of setting aside the entry of default. Mr. Hadnot can offer no prejudice; he may continue to present his case and demonstrate his entitlement to relief. Mr. Wenz offers a prima facie meritorious defense. He claims he already turned over the songs and

paid all money due and owing. His defense would bar the claims. Alternative sanctions would not be effective here as Mr. Wenz has posited his defense.

But Mr. Wenz did fail to file an Answer as requiring by Judge Schwab. He instead sent letters detailing his defenses. He did not obtain counsel. But he does have to be represented. We find Mr. Wenz's conduct is excusable. We take judicial notice of Mr. Welz's pro se defenses not found in an "Answer." The letters from Mr. Welz to Mr. Hadnot acknowledge these defenses. We are guided by Judge Wigenton's analysis a month ago in *Ipromoteu, Inc. v. Sasco N.J., Inc.* vacating a default judgment involving an alleged default for failing to answer a seller's complaint for recovery of money allegedly owed by buyers.[45] The buyers submitted letters in response to the seller's complaint.[46] The buyers did not file an answer, counterclaim, or dispositive motion.[47] Judge Wigenton found the "letters made clear that Defendants intended to appear and respond to the allegations and the motion for default judgment."[48]

We set aside the Clerk's entry of default in a District which later found it lacked proper venue. Mr. Hadnot will not face prejudice if judgment is set aside. He can proceed by demonstrating how he plans to present his case from his present location. Mr. Welz responded to Mr. Hadnot's allegations on numerous occasions in a series of letters over a two-year period. Mr. Welz never filed an answer, but he responded to Mr. Hadnot's allegations. Mr. Welz never ignored or refused to answer Mr. Hadnot's allegations.

Mr. Welz alleges a meritorious defense.[49] Mr. Welz responded to Mr. Hadnot's allegations for over two years. Mr. Welz asserts he paid Mr. Hadnot $35 dollars for the royalties earned on numerous occasions and granted Mr. Hadnot full ownership of his songs. Mr. Welz's multiple responses are sufficient to demonstrate a meritorious defense for purposes for setting aside the entry of default.

Mr. Welz's default does not exhibit culpable conduct. This factor weighs in favor of setting aside the default. Mr. Welz responded to both Mr. Hadnot and the Court on numerous occasions. This conduct does not suggest culpability.

We find alternative sanctions ineffective here. Mr. Hadnot does not identify an alternative sanction.

### III. Conclusion

We vacate the entry of default. We deny Mr. Hadnot's motions for damages. He must carefully consider his fact allegations under Rule 11 and, if he wishes to proceed, show how he can proceed from his present address given Mr. Welz's repeated defenses of fully paid royalties and Mr. Hadnot now owns the rights to the identified songs and their royalties.

---

[1] ECF No. 50 at 2 (using the pagination supplied by the CM/ ECF docketing system).

[2] *Id.*

[3] ECF No. 1 at 3 (using the pagination supplied by the CM/ECF docketing system).

[4] *Id.*

[5] *Id.*

[6] ECF No. 3.

[7] *Id.* at 14.

[8] *Id.* at 20.

[9] *Id.* at 14.

[10] *Id.*

[11] *Id.* at 15.

---

[12] *Id.*

[13] *Id.* at 16.

[14] *Id.* at 17.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] ECF No. 50 at 3.

[19] *Id.* at 3–4.

[20] *Id.*

[21] ECF No. 1 at 10–11.

[22] The songs Mr. Hadnot demanded copyright protection are: "Feelin Kinda Freaky," "Feelin Kinda Funky," "A Prisoner's Letter," "Mama Has Gone Away," and "The Memory is You."

[23] ECF No. 1 at 10–11.

[24] ECF No. 36–1 at 9.

[25] *Id.*

[26] ECF No. 1.

[27] ECF No. 14.

[28] ECF No. 16.

[29] ECF No. 26.

[30] ECF Nos. 31, 32, 33.

[31] ECF No. 32.

[32] ECF No. 35.

[33] ECF No. 36.

³⁴ ECF No. 37.

³⁵ *Id.*

³⁶ ECF Nos. 38, 39.

³⁷ ECF No. 42.

³⁸ ECF No. 48.

³⁹ ECF No. 50.

⁴⁰ *Id.* at 4 (using the pagination assigned by the CM/ECF filing system).

⁴¹ *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008).

⁴² *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (internal citation omitted).

⁴³ "[D]efaults are drastic sanctions, termed 'extreme' by the Supreme Court[.]" *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984).

⁴⁴ *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987).

⁴⁵ *Ipromoteu, Inc. v. Sasco N.J., Inc.*, No. 20-20529, 2024 WL 278570 (D.N.J. Jan 25, 2024).

⁴⁶ *Id.* at *1–2.

⁴⁷ *Id.* at *2.

⁴⁸ *Id.*

⁴⁹ The defaulting party is not required "to prove beyond a shadow of a doubt that they will win at trial, but merely to show that they have a defense to the action which at least has merit on its face." *Jackson v. Delaware Cnty.*, 211 F.R.D. 282, 284 (E.D. Pa. 2002) (quoting *Emasco Ins.*, 834 F.2d at 74; *Dizzley v. Friends Rehabilitation Program, Inc.*, 202 F.R.D. 146, 148 (E.D. Pa. 2001)).